[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11273
_____

D.C. Docket No. 1:10-cr-00174-WS-M-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY LEVERN JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 25, 2014)

Before CARNES, Chief Judge, DUBINA, Circuit Judge, and ROSENTHAL,[*]
District Judge.

CARNES, Chief Judge:

_____

[*] Honorable Lee H. Rosenthal, United States District Judge for the Southern District of
Texas, sitting by designation.

Larry Jones appeals his 180-month sentence for being a felon in possession of a firearm and ammunition.  See 18 U.S.C. § 922(g)(1).  His sentence exceeded the normal 10-year maximum sentence under the statute, see id. § 924(a)(2), because the district court imposed an enhancement under the Armed Career Criminal Act (ACCA), id. § 924(e)(1).  Jones' sole challenge to his sentence contests the application of the ACCA enhancement, specifically, the decision to count his prior convictions for third-degree burglary in Alabama as "violent felonies" for ACCA purposes.

At the time Jones was sentenced in March 2011, the law in this circuit was that convictions under Alabama's third-degree burglary statute, Ala. Code § 13A-7-7, could qualify as violent felonies for purposes of the ACCA.  See United States v. Rainer, 616 F.3d 1212, 1215–16 (11th Cir. 2010).  The district court faithfully followed that precedent and concluded that Jones was eligible for an ACCA enhancement based on his prior Alabama third-degree burglary convictions.

In between Jones' sentence and our decision here, however, the Supreme Court decided Descamps v. United States, — U.S. —, 133 S.Ct. 2276 (2013).  It held that a prior conviction cannot serve as an ACCA predicate if the statute that earlier conviction is based on "contain[s] a single, 'indivisible' set of elements sweeping more broadly than the corresponding generic offense."  Id. at 2283.  We

2

recently determined, in light of <u>Descamps</u>, that our decision in <u>Rainer</u> was no longer good law because Alabama's third-degree burglary statute is a non-generic, indivisible statute.  See <u>United States v. Howard</u>, — F.3d —, No. 12-15756, 2014 WL 630657, at *6 (11th Cir. Feb. 19, 2014).  As a matter of law, we held, "a conviction under Alabama Code § 13A-7-7 cannot qualify as generic burglary under the ACCA."  <u>Id.</u> at *9 (citing <u>Descamps</u>, 133 S.Ct. at 2292).

We could resolve Jones' challenge to the use of his Alabama third-degree burglary convictions in a couple of sentences with a cite to <u>Howard</u> but for one thing.  Unlike Howard, Jones did not preserve the issue by objecting to the ACCA enhancement on this ground in the district court.  That failure shifts this appeal into the plain error review column.  The question is whether treating the use of Alabama convictions for third degree burglary as violent felonies for ACCA purposes is plain error either generally or particularly in this case. The answer is "yes," and "yes."[1]

I.

---

[1] The government argues that the doctrine of invited error precludes us from reviewing Jones' challenge at all.  See <u>United States v. Ross</u>, 131 F.3d 970, 988 (11th Cir. 1997) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.") (quotation marks omitted).  That doctrine does not apply, because the error here was not "attributable to the action of the defense." <u>United States v. Doran</u>, 564 F.2d 1176, 1177 (5th Cir. 1977); <u>see also</u> <u>United States v. Stone</u>, 139 F.3d 822, 838 (11th Cir. 1998) (holding that the doctrine applies only "when a party induces or invites the district court into making an error").  Jones failed to object to the error, but he did not ask for it.

3

In March 2010 Mobile police officers responded to a call that someone had started a fire near the corner of St. Madar Street and Davidson Street. When they arrived at the scene, officers found Jones next to a small fire. They patted him down and found a loaded .380 caliber pistol tucked in his waistband. Jones admitted that he was a convicted felon and had no permit for the pistol. The officers arrested Jones for carrying a pistol without a license.

A federal grand jury indicted Jones in July 2010, charging him with one count of being a felon in possession of a firearm and ammunition. See 18 U.S.C. § 922(g)(1). In late October 2010 Jones pleaded guilty under a written plea agreement.[2]

Jones' presentence investigation report (PSR) concluded that his three prior Alabama convictions for third-degree burglary qualified him for an armed career criminal enhancement under the ACCA. See Ala. Code § 13A-7-7.[3] The ACCA enhancement carries a 15-year mandatory minimum sentence and an automatic

---

[2] The agreement included a general appeal waiver but reserved Jones' right to appeal "any sentence in excess of the statutory maximum." This Court has already denied the government's motion to dismiss this appeal based on that appeal waiver. We did so because without the ACCA enhancement, the maximum sentence Jones could have received under the statute is ten years. See 18 U.S.C. § 924(a)(2). The enhancement gave Jones a sentence of 15 years, which is "in excess of the statutory maximum." As a result, the reserve clause in the appeal waiver applies and the waiver does not.

[3] In addition to his three convictions for third-degree burglary, the PSR also listed as an ACCA predicate offense Jones' prior conviction for second-degree receipt of stolen property. See Ala. Code § 13A-8-18. The classification of that prior conviction does not matter here, so we need not decide whether a conviction under Alabama Code § 13A-8-18 can qualify as an ACCA predicate.

offense level of 33. See 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(b)(3)(B). After the PSR applied a 3-level reduction under United States Sentencing Guidelines § 3E1.1 for acceptance of responsibility, Jones' total offense level was 30. That offense level, combined with his criminal history category of VI, gave Jones a guidelines range of 168 to 210 months in prison.[4] Because of the ACCA enhancement, Jones' ultimate guidelines range was 180 to 210 months in prison, see U.S.S.G. § 5G1.1(b), with a mandatory minimum of 180 months.

Jones' attorney never objected to the PSR's conclusion that Jones qualified for the ACCA enhancement. While she did file a general objection claiming that the PSR "improperly categorizes the criminal history of the Defendant," she filed it months before the PSR was drafted. She did not object to the PSR's actual conclusion that Jones' prior convictions qualified as ACCA predicates.

The district court adopted the PSR's findings and its conclusion that Jones' four prior convictions triggered the ACCA enhancement. The court sentenced Jones to 180 months in prison, which was the lowest sentence possible given the mandatory minimum. The court expressed regret that its hands were statutorily tied, telling Jones, "I'm sorry. . . . It does not seem to me that that's a range or a punishment that should be imposed in your case, but I have no other alternative but to impose it."

---

[4] Had the PSR not applied the ACCA enhancement, Jones' total offense level would have been 15, which would have resulted in a guidelines range of 41 to 51 months imprisonment.

5

II.

Our review under the plain error rule is "limited and circumscribed." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation marks omitted). We impose four criteria that are "difficult to meet." Id. (quotation marks omitted). Before we even have discretion to correct the error, the defendant must show that there is: "(1) error, (2) that is plain, and (3) that affects substantial rights." Id. (quotation marks omitted). Only then may we exercise our "discretion to notice a forfeited error," but we may do so "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted). Jones has met all four requirements.

Jones has shown that there was error and it was plain. To receive an ACCA enhancement, a defendant must have three prior convictions that qualify as violent felonies under the ACCA. See 18 U.S.C. § 924(e)(1). And as explained above, we recently held that, based on the Supreme Court's Descamps decision, "a conviction under Alabama Code § 13A-7-7 cannot qualify as generic burglary under the ACCA." Howard, 2014 WL 630657 at *9 (citing Descamps, 133 S.Ct. at 2292). That means Jones did not have the three qualifying convictions necessary for the ACCA enhancement. As for the plainness of that error, an intervening decision by

6

"this Court or the Supreme Court squarely on point may make an error plain." United States v. Pielago, 135 F.3d 703, 711 (11th Cir. 1998) (collecting cases). Howard is an intervening decision and about as "squarely on point" as an intervening decision can be. So the error was plain.

Jones has also shown that the error affected his substantial rights. Under the third prong of the plain error rule, Jones has the difficult burden of showing there is a "reasonable probability" that he would have received a lighter sentence but for the error. See Rodriguez, 398 F.3d at 1299 (explaining that establishing such a probability "is anything but easy"). That burden requires him "to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses." See id. 1300. Mere speculation about the effect of the ACCA enhancement is not enough. See id. at 1299–1300. Jones must point to something in the record showing that the most likely result on remand is for the sentencing judge to give him a shorter sentence than he originally received. See id. at 1301.

Jones has carried that burden. It is enough that the district court will be statutorily compelled to give Jones a shorter sentence on remand. Without the ACCA enhancement, the maximum sentence the court can impose on remand is ten years in prison, which is shorter than the fifteen years he originally received.

7

See 18 U.S.C. § 924(a)(2). A shorter sentence will generally result from correction of an ACCA application error, but even without the maximum/minimum dynamic that generally comes into play, the difference in result would be true in this particular case. At the sentence hearing, the district court expressed its desire to give Jones a shorter sentence than the ACCA's mandatory minimum allowed, apologizing to him about the ACCA enhancement and the mandatory sentence: "I'm sorry. . . . It does not seem to me that [180 to 210 months in prison is] a range or a punishment that should be imposed in your case, but I have no other alternative but to impose it." See United States v. Bennett, 472 F.3d 825, 834 (11th Cir. 2006) (holding that the prejudice requirement of the plain error test was met where the defendant had been sentenced under an erroneously high guidelines range, and the "the district judge expressly indicated a desire to impose a sentence near the low end of the sentencing Guidelines range"). The error did affect Jones' substantial rights.

Finally, we conclude that this error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings in this case." Id. Jones was given a mandatory minimum sentence that exceeds the statutory maximum that should have been applied. We will exercise our discretion and correct the error.

III.

8

For those reasons, we vacate Jones' sentence and remand for resentencing without the ACCA enhancement.  Jones has requested that we limit the scope of resentencing on remand so that the government cannot seek an enhancement under the ACCA's residual clause.  See 18 U.S.C. § 924(e)(2)(B)(ii) (providing that the ACCA enhancement applies to crimes punishable by more than a year that "involve[] conduct that presents a serious potential risk of physical injury to another").  The government has not opposed Jones' proposal.  We therefore exercise our discretion to grant Jones' request.  See Howard, 2014 WL 630657 at *9–10.  The district court should resentence Jones on remand without the ACCA enhancement, and the government may not argue that any of Jones' prior convictions qualify as violent felonies under 18 U.S.C. § 924(e)(2)(B)(ii).  However, that limitation does not prevent the district court from considering the information and evidence about Jones' criminal history and prior convictions when it determines an appropriate punishment under the 18 U.S.C. § 3553(a) sentencing factors at the resentencing on remand.  See id. at *10.

**VACATED and REMANDED.**

9