[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10303
Non-Argument Calendar

_____

D.C. Docket No. 8:13-cr-00488-RAL-AEP-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMESHIA MACK,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 5, 2014)

Before MARCUS, WILLIAM PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jameshia Alicia Mack appeals her total 75-month sentence, imposed after

she pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and

one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.  On appeal, Mack argues that her sentence was procedurally unreasonable because the district court erred in applying three guideline enhancements to her advisory guidelines range.  Because we conclude that Mack cannot show that her sentence would have been shorter but for the alleged errors, we affirm.

I.

Mack was charged by information with wire fraud and aggravated identity theft in connection with the filing of fraudulent tax returns in 2011 and 2012 and placing the refunds on prepaid debit cards.  In the factual basis, the government alleged that Mack filed fourteen fraudulent returns, two in her name and twelve in the names of other individuals, using names and social security numbers she found on a county website.  Mack waived indictment and agreed to plead guilty without a plea agreement.  At the change-of-plea hearing, Mack admitted the factual basis set forth by the government.  Mack also admitted that, by committing these offenses, she violated the conditions of her supervised release, which she was subject to due to prior fraud convictions.  Mack later advised the court that she challenged portions of the factual basis, specifically the number of returns filed and the amount of loss.  Because this was a sentencing issue, and Mack did not otherwise challenge her guilt, the court accepted Mack's guilty plea.

The probation officer determined that the adjusted offense level for the wire fraud count was 18. These calculations included an intended amount of loss of approximately $120,000, an increase for the use of a victim's social security number under U.S.S.G. § 2B1.1(b)(11)(C)(i),[1] and an enhancement for the number of victims. Mack had a criminal history category IV based on multiple prior instances of fraud and identity theft, including bank fraud conspiracy and identity theft convictions in Kentucky in 2007 for which Mack was currently on supervised release. The resulting advisory guideline range for the wire-fraud count was 41 to 51 months' imprisonment. The identity-theft count carried a mandatory consecutive 24-month sentence.

Mack objected to the amount of loss, arguing that she had filed only four returns, for a total of $36,948. She further stated that there was no evidence she filed fraudulent returns in 2012, as the police had confiscated the prepaid debit cards holding the refunds during a traffic stop in June 2011. At sentencing, the investigating agent testified concerning the fraudulent returns filed in 2011 and 2012, and the use of prepaid debit cards. The agent stated that he had connected the false returns to Mack based on a pattern in the filings in which Mack sought a refund based on interest or dividends in whole dollar amounts, in large sums just under the $10,000 mark. He also noticed the same spelling errors among the

---

[1] The probation officer cited §2B1.1(b)(11)(B), but the parties agree that the correct citation is § 2B1.1(b)(11)(C)(i).

3

returns.  He further explained that identity thieves prefer to use prepaid debit cards because it is easy to transfer funds from one card to another if the card is lost or stolen, or, as in this case, confiscated.  He explained that not all of the fraudulent returns were paid, thus although Mack filed returns for about $120,000, the IRS actually paid only $100,135, and the debit cards found in Mack's possession at her arrest held $53,640.

The court overruled Mack's objection to the amount of loss, and after considering the sentencing factors in 18 U.S.C. § 3553, the court sentenced Mack to 51 months' imprisonment for wire fraud, to be followed by the mandatory 24-month sentence for aggravated identity theft.  Discussing the sentencing factors, the court stated that Mack was a "thief" and "a fraud," and it was necessary to protect the public from her schemes, promote respect for the law, and provide deterrence.  The court considered an upward variance based on these factors, but ultimately determined that a sentence at the high end of the range was substantively reasonable.  The court then stated:

> Further, I find I [sic] agreed with the defendant's contention that the total offense level should be lower, that I would still have imposed the sentence I imposed as to count one.  Although that would have been an upward variance, it would have been supported by the evidence and the statutory sentencing factors.

Finally, the court revoked Mack's supervised release and sentenced her to 14 months' imprisonment to run consecutive to the rest of her sentence. This is Mack's appeal.

## II.

Ordinarily, we review a district court's interpretation and application of the Sentencing Guidelines *de novo* and accept the court's factual findings unless they are clearly erroneous. *See, e.g.*, *United States v. Cruz*, 713 F.3d 600, 605 (11th Cir.), *cert. denied*, 134 S. Ct. 213 (2013). But an argument raised for the first time on appeal is reviewed only for plain error. *See, e.g.*, *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011).

Plain error review is "limited and circumscribed" and requires satisfaction of four difficult-to-meet criteria: The defendant must first show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Jones*, 743 F.3d 826, 829 (11th Cir. 2014). Once these requirements are met, we may only exercise our "discretion to notice a forfeited error" if the error (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* An error in the calculation of the guidelines range does not necessarily affect a defendant's substantial rights. *See Pantle*, 637 F.3d at 1177-78. To show that an error affected substantial rights, a defendant must show that there is a "reasonable probability" that she would have received a lighter sentence but for the error. *Jones*, 743 F.3d

5

at 830. This requires a defendant to "point to something in the record showing that the most likely result on remand is for the sentencing judge to give [her] a shorter sentence." *Id.*

Mack alleges that the district court (1) impermissibly double counted the identity theft and number of victims in determining her guideline range for the wire fraud offense because she was also charged with the substantive offense of identity theft; (2) incorrectly determined the total number of victims because she admitted filing only four false returns; and (3) improperly calculated the amount of loss without taking into consideration the cash she turned in when she was stopped by police in 2011.[2]

We conclude that Mack has not satisfied her burden to establish plain error.[3] Even if Mack could show an error that was plain in the district court's calculation of her guideline range for wire fraud, the court expressly stated that it would impose the same sentence via an upward variance if it had calculated the guideline range differently. Although Mack contends that the court's statement refers only

---

[2] Mack's challenge to the amount of loss was not sufficient to preserve a challenge to the number of victims or a credit for funds returned because she did not mention these objections specifically. *United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003); *see also United States v. Ramirez–Flores*, 743 F.3d 816, 821 (11th Cir. 2014) (holding that "[t]he defendant . . . fails to preserve a legal issue for appeal if the factual predicates of an objection are included in the sentencing record, but were presented to the district court under a different legal theory" (alteration in original) (emphasis and quotation marks omitted)).

[3] We need not determine whether the court committed an error if the defendant has not met the third prong of plain-error review, that is, she has not shown that her sentence would have been shorter. *See Pantle*, 637 F.3d at 1177 (assuming plain error but concluding that the defendant failed to show it affected his substantial rights).

to the sentence it would have imposed had it agreed with Mack's calculation of the amount of loss, we disagree.  Reading the court's statement in context, the court explained that the 51-month sentence was substantively reasonable given Mack's history and characteristics and the need to provide protection and deterrence, and, had the guideline range been lower, the court would have imposed this sentence using an upward variance.  The burden is on Mack to meet this third prong of plain-error review.  *Pantle*, 637 F.3d at 1177.  Mack has failed to meet her burden because she cannot show a reasonable probability that her sentence would have been shorter with the lower guidelines range.

 **AFFIRMED.**