[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10588
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00225-RBD-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILFREDO G. MADERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 16, 2015)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

Wilfredo G. Madera appeals his 15-month sentence, imposed after he pled guilty to 1 count of failure to comply with the Sex Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250(a). He argues for the first time

on appeal that the district court committed plain error in sentencing him based on an error in its criminal-history calculation that resulted in a guidelines range of 15- to 21-months' imprisonment at an offense level of 10, instead of the correct range of 10 to 16 months.  After careful review, we affirm.

When a party has not preserved an objection, we may correct the error under plain-error review.  United States v. Olano, 507 U.S. 725, 732-36 (1993).  To prevail under this standard, Madera must show there is:  "(1) error, (2) that is plain, and (3) that affects substantial rights."  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (quotation omitted).  If all three conditions are met, we may then exercise discretion to notice a forfeited error, but only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (quotation omitted).

We've previously held that a sentencing error affects substantial rights if the appellant shows a reasonable probability of a lighter sentence but for the error.  United States v. Jones, 743 F.3d 826, 830 (11th Cir. 2014).  A district court's imposition of a sentence at the low end of the guidelines range, standing alone, is insufficient to show that the court would have sentenced a defendant to a lower sentence had the court correctly applied the Sentencing Guidelines.  See United States v. Munoz, 430 F.3d 1357, 1375-76 (11th Cir. 2005) (explaining that a sentence at the bottom of the mandatory Guidelines range "does not establish a

2

reasonable probability that the court would have imposed a lesser sentence under an advisory regime" (quotation omitted)).  "Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant."  Rodriguez, 398 F.3d at 1300.

Under the Sentencing Guidelines, three criminal-history points are assessed "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a).  Section 4A1.2(e) states, however, that such a prior sentence is counted only if it was imposed within 15 years of the defendant's commencement of the instant offense, or if it resulted in the defendant being incarcerated during any part of that 15-year period.  U.S.S.G. § 4A1.2(e).  The commentary to section 4A1.1 also explains that a "sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted unless the defendant's incarceration extended into this fifteen-year period."  U.S.S.G. § 4A1.1, comment (n.1).  Section 4A1.2(k)(2) explains how to determine the 15-year period in cases where revocation of parole is involved:  "in the case of an adult term of imprisonment totaling more than one year and one month, [use] the date of last release from incarceration on such sentence." U.S.S.G. § 4A1.2(k)(2).

In this case, the district court awarded three criminal-history points to Madera for his 1993 burglary conviction.  The parties correctly agree that, because

3

Madera was last imprisoned for that conviction on January 11, 1999 -- more than 15 years before the commencement of the instant offense in June 2014 -- the district court erred in its application of the Guidelines and the error was plain.  See U.S.S.G §§ 4A1.2(e), (k)(2).  As a result of the error, Madera's criminal-history category was determined to be IV, instead of III.  This error resulted in a guidelines range of 15 to 21 months' imprisonment at an offense level of 10, instead of the correct range of 10 to 16 months.  See U.S.S.G. Ch.5, Pt. A (table).  Thus, Madera has satisfied the first two prongs of plain-error review.

As for the third prong of the plain-error test, however, Madera has not shown that the district court likely would impose a lower sentence absent the calculation error.  Although the court sentenced Madera to the low-end of the guideline range, that fact alone is insufficient to show that the court would have sentenced him to a lower sentence had the correct guideline range been applicable. See Munoz, 430 F.3d at 1375-76.  Indeed, the district court in no way implied that it was dissatisfied with the sentence or the guideline range, and in fact denied Madera's motion for a downward variance after hearing argument that his criminal-history score was overstated.  The court also expressed surprise that the government recommended a 15-month sentence, intimating that a longer sentence would have been appropriate.  If anything, the district court suggested that it was initially inclined to impose a sentence longer than 15 months, not shorter.  The

court expressed particular concern over the need to protect Madera's young child from the result of any future violations, observing that it was deeply troubled with the fact that Madera was charged with a criminal sex act involving a child, which the court said "sp[oke] loudly to the need to ensure compliance with the registration statute." The court was also troubled by the fact that Madera previously had been convicted of the same crime of failing to register as a sex offender, even though this Court later reversed the conviction on appeal. Moreover, in ultimately imposing the sentence, the court said that it found its 15-month sentence to be sufficient, and not greater than necessary, in light of the relevant sentencing factors. Indeed, Madera's 15-month sentence falls within the correct 10- to 16-month guideline range. On this record, Madera has not shown a reasonable probability that the district court would have imposed a shorter sentence if it had not erred in calculating his criminal-history score. He, thus, fails to show that the plain error affected his substantial rights.

Nor, moreover, has Madera satisfied the fourth prong of the plain error test -- that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. See United States v. Candelario, 240 F.3d 1300, 1311 n.15 (11th Cir. 2001) ("In plain error review, a showing of an effect on substantial rights does not result in an automatic remand --this fourth prong of the plain error test must also be satisfied."). As the record shows, the district court already

5

considered and rejected Madera's argument that 15 months' imprisonment is too long for his crime, suggesting instead that a longer sentence was warranted. Therefore, we cannot say that Madera has proven that the error seriously affected the fairness, integrity, or public reputation of his judicial proceedings. Because Madera has not met the last two prongs of the plain error test, he is not entitled to relief on his claim that the district court erred by including his prior burglary conviction in its criminal-history calculation.

**AFFIRMED**.