[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14412
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-14016-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVENS NORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 16, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

A jury convicted Stevens Nore of 21 counts of aiding the filing of false tax returns in violation of 26 U.S.C. § 7206(2), four counts of filing false tax returns in violation of 26 U.S.C. § 7206(1), three counts of theft of public money in violation of 18 U.S.C. § 641, and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. The district court sentenced him to 84 months imprisonment and, as part of his sentence, ordered him to pay $2,761,397 in restitution to the Internal Revenue Service. Nore contends that the evidence is insufficient to sustain his aggravated identity theft convictions and that the district court plainly erred in imposing restitution as part of his sentence.

## I.

We review de novo the sufficiency of the evidence, but where a defendant fails to preserve an argument for appeal, we review only for plain error. United States v. Joseph, 709 F.3d 1082, 1093, 1103 (11th Cir. 2013); United States v. Straub, 508 F.3d 1003, 1008 (11th Cir. 2007). To preserve a sufficiency of the evidence argument, the argument must be "sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." Straub, 508 F.3d at 1011.

Nore's motion for a judgment of acquittal relied on different grounds than those presented to us on appeal. In the district court, he contended that depositing endorsed checks, without more, was not identity theft, while here, he asserts that

the government failed to show that he knew the names on the checks belonged to real people instead of fictitious ones. We therefore review for plain error, which requires the defendant to show "(1) that there was error (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding." Id. at 1008. We view the evidence in the light most favorable to the government and draw all reasonable inferences and credibility determinations in favor of the jury verdict. Joseph, 709 F.3d at 1093.

Nore has not established that his convictions for aggravated identity theft constituted plain error. His only contention is that the government failed to prove that he knew the identities he used belonged to real people instead of fictional ones. See United States v. Doe, 661 F.3d 550, 561 (11th Cir. 2011) ("[I]n order to convict [the defendant] of aggravated identity theft, the government had to prove that [he] knew the identity he was using belonged to a real person.").

At trial, the government presented evidence that Nore was an experienced tax preparer who had submitted 1,865 tax returns between 2009 and 2011. He deposited two tax refund checks, one made out to Whillis Hall and one made out to Diana Neira, without their consent or knowledge. Each check had written on it the last four digits of the social security number belonging to the payee. The

3

government also presented evidence that the IRS verifies the social security number of filers before issuing tax refunds.

The district court correctly instructed the jury that to convict Nore of aggravated identity theft, it had to find that he knew the identities belonged to actual people. We presume that the jury followed that instruction. United States v. Lopez, 649 F.3d 1222, 1237 (11th Cir. 2011). The jury was entitled to infer from the circumstantial evidence that Nore, as an experienced tax preparer, knew the checks he was depositing were tax refund checks, and that the partial social security numbers written on each check had therefore been verified by the IRS as belonging to an actual person. See United States v. Gomez-Castro, 605 F.3d 1245, 1249 (11th Cir. 2010) (holding that the government can rely on circumstantial evidence to prove that the defendant knew an identity belonged to a real person). The fact that the IRS has occasionally issued tax refunds to fictitious persons does not defeat this reasonable inference in light of the deference we give to jury verdicts. See Joseph, 709 F.3d at 1093.

## II.

We ordinarily review de novo the legality of a restitution order. United States v. Edwards, 728 F.3d 1286, 1291 (11th Cir. 2013). But here we are limited to plain error review because Nore objected only to the district court's tax loss

calculation and not to the imposition of restitution as part of his sentence. See

United States v. Romines, 204 F.3d 1067, 1068 (11th Cir. 2000).

Nore and the government agree that the district court plainly erred in

ordering Nore, as part of his sentence, to pay $2,761,397 in restitution to the IRS.

A district court may order restitution only if a statute empowers it to do so. United

States v. Dickerson, 370 F.3d 1330, 1335 (11th Cir. 2004). Pursuant to 18 U.S.C.

§ 3556, the district court is required to order restitution as part of a defendant's

sentence under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, and is

authorized to order restitution as part of a sentence under the Victim and Witness

Protection Act, 18 U.S.C. § 3663.

Under the Restitution Act, the district court was required to order restitution

for Nore's three convictions for theft of public money under Title 18. See 18

U.S.C. § 3663A(c)(1)(A)(ii). But the court was not permitted by either the

Restitution Act or the Protection Act to order restitution for his convictions under

Title 26.[1] See id. § 3663A(c)(1)(A) (listing offenses that require the imposition of

restitution); id. § 3663(a)(1) (listing offenses that permit the imposition of

restitution). The district court believed that it could look at all of Nore's relevant

conduct in setting the restitution amount. But that is permitted only when the

---

[1] Nor was the court permitted to order restitution based on Nore's two aggravated identity theft convictions under Title 18. Restitution was not permissible because Hall and Neira did not meet the statutory definition of "victim," which means a person directly and proximately harmed as a result of the offense. See 18 U.S.C. §§ 3663(a)(2), 3663A(a)(2).

crime involves as an element a scheme, conspiracy, or pattern of criminal activity. See id. §§ 3663A(a)(2), 3663(a)(2); Dickerson, 370 F.3d at 1342–43. Because the Title 26 crimes that Nore was convicted of do not contain any of those elements, the district court plainly erred in imposing restitution based on them and his relevant conduct.

The error affected Nore's substantial rights because the amount of restitution he was ordered to pay far exceeded that the district court was authorized to impose. The court ordered Nore to pay $2,761,397 in restitution. The loss caused by his three convictions for theft of public money, which are the only ones for which restitution as part of the sentence could be ordered, totaled only $21,388.81 ($7,773.10 for the first conviction, $9,771.10 for the second conviction, and $3,844.61 for the third conviction). The difference of $2,740,008.19 is substantial and affected Nore's substantial rights. See United States v. Jones, 743 F.3d 826, 830 (11th Cir. 2014) (holding that an error affects a defendant's substantial rights where there "is a 'reasonable probability' that he would have received a lighter sentence but for the error"). Finally, the imposition of restitution that exceeds the maximum amount authorized by statute "seriously affected the fairness, integrity, or public reputation of the judicial proceedings in this case." Straub, 508 F.3d at 1008 (quotation marks omitted); see Jones, 743 F.3d at 830. We will vacate the district court's restitution order and remand for the district court to correct its error.

6

The government argues that we should instruct the district court on remand to re-impose the same amount of restitution as a condition of supervised release, rather than as a part of Nore's sentence, as authorized by 18 U.S.C. §§ 3583(d) and 3563(b)(2).  Those provisions permit the district court to order restitution as a condition of supervised release without regard to the limitations set forth in the Restitution Act or the Protection Act.  See 18 U.S.C. § 3583(d), cross-referencing id. § 3563(b)(2).  Whether to order restitution as a condition of Nore's supervised release — and if so, how much restitution to impose — is a question we leave to the district court in the first instance.

We will, however, instruct the district court to correct a clerical error in the judgment.  See United States v. Massey, 443 F.3d 814, 822 (11th Cir. 2006) ("We may sua sponte raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors.").  The judgment states that Nore was adjudicated guilty of Count 28 (theft of public money), and that the district court sentenced him to a term of 60 months imprisonment for that count.  The record shows, however, that the court dismissed Count 28 on the government's motion.  On remand, the district court should correct that error in the judgment.

7

III.

We **AFFIRM** Nore's convictions for aggravated identity theft.  We **VACATE** the portion of the judgment imposing restitution as part of his sentence. We **REMAND** for the district court to recalculate the amount of restitution imposed as part of Nore's sentence in light of the boundaries set forth in 18 U.S.C. § 3556, and we leave it to the district court in the first instance whether it should impose restitution as a condition of supervised release under by 18 U.S.C. § 3563(b)(2).  We also instruct the district court to correct the clerical error in the judgment involving Count 28.