[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13469
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00083-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHAD PETRUCELLI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 6, 2016)

Before WILLIAM PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Chad Petrucelli appeals his sentence of 180-months imprisonment, imposed after he pleaded guilty to one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Petrucelli's sentence was enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), based on prior Florida convictions for burglary of a dwelling, aggravated assault, and aggravated fleeing and eluding.  See id. § 924(e)(2)(B).

Petrucelli argues for the first time in his appellate brief—filed prior to the Supreme Court's recent decision in Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015)—that the residual clause of the ACCA is unconstitutionally vague, and he incorporates by reference the argument presented to the Supreme Court by the petitioner in Johnson.  He also argues that he does not qualify for an ACCA enhancement because his burglary-of-a-dwelling and aggravated-assault convictions were not separate predicate violent felonies because they were charged as part of the same continuous criminal episode.  Finally, he argues that his 180-month sentence is substantively unreasonable in light of mitigating evidence presented at sentencing.  The government filed its response after the Supreme Court decided Johnson and concedes that the district court plainly erred in enhancing Petrucelli's sentence under the ACCA because his aggravated-fleeing-and-eluding conviction qualified as a predicate violent felony only under the invalidated residual clause in 18 U.S.C. § 924(e)(2)(B)(ii).

We review de novo whether a statute is unconstitutionally vague. United States v. Duran, 596 F.3d 1283, 1290 (11th Cir. 2010). We also review de novo whether a particular offense is a violent felony under the ACCA. United States v. Wilkerson, 286 F.3d 1324, 1325 (11th Cir. 2002) (per curiam).

We review sentencing errors that were not raised in the district court for plain error. United States v. Jones, 743 F.3d 826, 828 (11th Cir. 2014). To satisfy this standard, a defendant must show there is (1) error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 829.

An intervening decision of this Court or the Supreme Court that is "squarely on point" can make an error plain. United States v. Pielago, 135 F.3d 703, 711 (11th Cir. 1998). Errors may also be plain if they are "particularly egregious, and strike at a core principle which the violated rule or law embodies." Id. To show that an error affected his substantial rights, a defendant must show a "'reasonable probability' that he would have received a lighter sentence but for the error." Jones, 743 F.3d at 830. To make this showing, the defendant "must point to something in the record showing that the most likely result on remand is for the sentencing judge to give him a shorter sentence than he originally received." Id.

Under the ACCA, a person convicted of being a felon in possession of firearms and ammunition under 18 U.S.C. § 922(g) who has three prior convictions

3

for a "violent felony" or a "serious drug offense" is subject to a 15-year mandatory minimum sentence. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by imprisonment of more than one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or
> (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated crimes clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"]

Id. § 924(e)(2)(B). A person who does not qualify for an enhanced sentence under the ACCA faces a 10-year maximum sentence for a § 922(g) conviction. Id. § 924(a)(2).

In Johnson, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. Johnson, 576 U.S. at __, 135 S. Ct. at 2557–58. The Supreme Court did not call into question the remainder of the ACCA's definition of a violent felony. Id. at __, 135 S. Ct. at 2563.

Upon review of the entire record, and after consideration of the parties' briefs, we vacate and remand for resentencing. Petrucelli has shown that the district court plainly erred in enhancing his sentence under the ACCA. Petrucelli's sentence would not have been enhanced but for his prior Florida aggravated-fleeing-and-eluding conviction, which was considered a "violent felony" under the ACCA's residual clause. The Supreme Court held in Johnson that the ACCA's

4

residual clause is unconstitutionally vague, so this prior conviction cannot be considered a violent felony under the ACCA.

Because he no longer qualifies for an enhanced sentence under the ACCA, Petrucelli has shown that this error affected his substantial rights.  We therefore vacate Petrucelli's sentence and remand for resentencing without the ACCA enhancement.[1]

**VACATED AND REMANDED.**

---

[1] Because Petrucelli does not qualify for a sentencing enhancement under the ACCA, we do not reach his two remaining arguments.