[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15745
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00040-EAK-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COURTNEY GARNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 18, 2016)

Before JORDAN, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Courtney Garner appeals his conviction and his 180-month sentence, imposed after Garner pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Garner's sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based in pertinent part on his two prior Florida convictions for fleeing or attempting to elude, in violation of Fla. Stat. § 316.1935.  We affirm Garner's conviction and vacate Garner's sentence and remand for resentencing.

Garner first challenges the constitutionality of his conviction under section 922(g)(1).  Garner contends that 18 U.S.C. 922(g)(1) is facially unconstitutional because regulation of the mere possession of a gun exceeds Congress's powers under the Commerce Clause.  Garner also argues that section 922(g)(1) is unconstitutional as applied to him because his intrastate possession of a gun manufactured out-of-state had no substantial effect on interstate commerce.  As Garner concedes, however, his arguments are foreclosed squarely by this Court's binding precedent.  See, e.g., United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996).  Thus, we affirm Garner's conviction.

About his sentence, Garner argues -- based on the Supreme Court's recent decision in Johnson v. United States, 135 S.Ct. 2551 (2015) -- that the district court

erred in enhancing his sentence under the ACCA.  Because Garner raised no objection to the constitutionality of the ACCA's residual clause in the district court, we review only for plain error.  See United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).

Under the law of the circuit in existence when Garner was sentenced, a felony conviction under Fla. Stat. § 316.1935(2) qualified as a "violent felony" under the ACCA's residual clause.  See United States v. Petite, 703 F.3d 1290, 1301 (11th Cir. 2013).  In Johnson, however, the Supreme Court struck down, as unconstitutionally vague, the residual clause of the ACCA.  135 S.Ct. at 2257-58.

Thus, after Johnson, Garner's convictions for fleeing or attempting to elude may serve as predicate offenses under the ACCA only if they qualify as violent felonies under a different ACCA provision.  But Fla. Stat. § 316.1935 does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," are not "burglary, arson, or extortion," and does not involve the "use of explosives."  18 U.S.C. § 924(e)(2)(B)(i)-(ii); see also Sykes v. United States, 131 S.Ct. 2267, 2273 (2011) (concluding, under the categorical approach, that an Indiana conviction for "[r]esisting law enforcement through felonious vehicle flight" failed to qualify under either the ACCA's elements clause or enumerated offenses clause), overruled on other grounds by Johnson, 135 S.Ct. at 2551; Petite, 703 F.3d at 1293.

We conclude -- and the government concedes -- that Garner's Florida convictions for fleeing or attempting to elude no longer qualify as violent felonies under the ACCA. As a result, Garner's remaining two qualifying predicate convictions for serious drug offenses are insufficient to sustain Garner's ACCA status. See 18 U.S.C. § 924(e) (requiring three predicate convictions for a violent felony or serious drug offense to trigger ACCA enhancement).

In the light of our decision in United States v. Jones, 743 F.3d 826 (11th Cir. 2014), and in the light of the Supreme Court's decision in Johnson, the district court's application of an ACCA enhancement to Garner's sentence constituted plain error. We vacate Garner's sentence and remand for resentencing.[*]

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.

---

[*] On appeal, Garner raises two other challenges to his sentence, neither of which demonstrates reversible error. First, Garner contends -- based on the Supreme Court's decision in Johnson -- that the residual clause of U.S.S.G. § 4B1.2(a)(2) must be struck down as unconstitutionally vague. Without the residual clause, Garner argues that his conviction for fleeing or attempting to elude constitutes no "crime of violence" under section 4B1.2(a)(2) and, thus, he no longer qualifies as a career offender under the guidelines. We reject this argument as foreclosed by this Court's precedent. See United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015) (concluding that the vagueness doctrine does not apply to the advisory sentencing guidelines).

We also reject Garner's argument that the district court erred in applying a four-level enhancement under section 2K2.1(b)(6)(B). The undisputed evidence demonstrates that Garner was in possession of a gun that was found in close proximity to sealed baggies of marijuana and other drug paraphernalia. Thus, the preponderance of the evidence supports a finding that Garner was involved in the sale of marijuana and that the gun in Garner's possession had the potential to facilitate his drug sales. For background see United States v. Carillo-Ayala, 713 F.3d 82, 92 (11th Cir. 2013).