[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10571
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00012-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARSENIO BRUNDIDGE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 13, 2017)


Before MARCUS, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Arsenio Brundidge appeals his convictions and total 235-month sentence for possession of a firearm by a convicted felon and possession of cocaine, violations of 18 U.S.C. §§ 922(g)(1) & 924(e)(1) and 21 U.S.C. § 844, respectively. Brundidge asserts: (1) the Government's statements during closing arguments were improper and caused substantial prejudice; and (2) his prior conviction for Georgia burglary did not qualify as a predicate offense under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). After review,[1] we affirm.

## I. DISCUSSION

### A. Prosecutorial misconduct

"In determining whether there was prosecutorial misconduct, we examine whether the prosecutor's remarks were (1) improper and (2) prejudicially affected the defendant's substantial rights." *United States v. Azmat*, 805 F.3d 1018, 1044 (11th Cir. 2015). "Prosecutorial misconduct must be considered in the context of the entire trial, along with any curative instruction." *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009).

"[A]lthough a prosecutor may not exceed the evidence presented at trial during her closing argument, she may state conclusions drawn from the trial

---

[1] We review Brundidge's claim of prosecutorial misconduct for plain error because Brundidge did not object to the Government's closing arguments at trial. *See United States v. Azmat*, 805 F.3d 1018, 1045 (11th Cir. 2015). We review for plain error when a defendant fails to object to an ACCA enhancement before the district court. *United States v. Jones*, 743 F.3d 826, 828 (11th Cir. 2014). An error is "plain" if the asserted error is clear from the plain meaning of a statute, constitutional provision, or from a holding of the Supreme Court or this Court. *United States v. Rodriguez*, 627 F.3d 1372, 1381 (11th Cir. 2010).

evidence." *United States v. Reeves*, 742 F.3d 487, 505 (11th Cir. 2014).  Thus, an issue raised by a defendant during closing is fair game for the prosecution on rebuttal.  *Id.*; *see also United States v. Bernal-Benitez*, 594 F.3d 1303, 1315 (11th Cir. 2010) (noting it is not improper for a prosecutor to mention the defendant has the same subpoena powers as the government, particularly when done in response to the prosecutor's failure to call a specific witness).

As part of its obligation to prove guilt beyond a reasonable doubt, the government may not make comments that would shift the burden of proof to the defendant.  *Bernal-Benitez*, 594 F.3d at 1315.  However, the prosecutor may comment on the failure of defense counsel, as opposed to the defendant, to counter or explain evidence.  *See Bernal-Benitez*, 594 F.3d at 1315 (holding the prosecutor's comment was merely a request the jury closely examine the record for support of defense counsel's attacks).

Brundidge does not establish the Government's statements during closing arguments constitute plain error.  The Government's statement that Deputy Powell previously knew Brundidge was not calculated to mislead or inflame the jury's passions.  *See Azmat*, 805 F.3d at 1045 ("A prosecutor's remarks, suggestions, insinuations, and assertions are improper when they are calculated to mislead or inflame the jury's passions.").  Further, the Government was allowed to rebut defense counsel's argument on this issue.  *See Reeves*, 742 F.3d at 505 ("[T]he

3

prosecutor, as an advocate, is entitled to make a fair response to the arguments of defense counsel.").

The Government also did not shift the burden of proof in addressing defense counsel's arguments on Deputy Powell's credibility.  The Government was allowed to respond to defense counsel's arguments on this issue.  *Id*.  Moreover, the Government may request the jury closely examine the evidence for support of defense counsel's attacks.  *Bernal-Benitez*, 594 F.3d at 1315.  And the court cured any undue prejudice by explaining the Government's burden of proof in its jury instructions.  *See id.* (concluding the court, following closing argument, cured any undue prejudice in its instruction on the government's burden of proof).

Although the Government speculated whether Brundidge stole the firearm, the court quickly provided a curative instruction, stating the jury should not speculate about that issue because it was not an issue in the case.  We presume the jury followed the district court's curative instruction.  *Lopez*, 590 F.3d at 1256.  Under a plain error standard of review, it is not plain the Government's statement was incurable.  *See United States v. Rodriguez*, 627 F.3d 1372, 1381 (11th Cir. 2010).

Brundidge does not establish the cumulative effects of the alleged errors denied him a fair trial.  *See Lopez*, 590 F.3d at 1258 (stating in addressing a claim of cumulative error, we examine the trial as a whole to determine whether the

4

defendant was afforded a fundamentally fair trial). Brundidge did not establish plain error from the Government's closing arguments, and there can be no cumulative error where there are no individual errors. *See Azmat*, 805 F.3d at 1045. Thus, his convictions are affirmed.

B. ACCA

At the time of Brundidge's conviction in 2010, Georgia's burglary statute provided:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof . . . .

*United States v. Gundy*, 842 F.3d 1156, 1164 (11th Cir. 2016) (citing Ga. Code Ann. § 16-7-1(a) (2011)). In *Gundy*, we held the Georgia statute was divisible, and applying the modified categorical approach, we determined the defendant's burglary convictions qualified as ACCA predicate offenses because the indictments charged that he burgled one dwelling house and two business houses. *Id.* at 1168-69.

The district court did not plainly err in counting Brundidge's Georgia burglary conviction as an ACCA predicate offense. We have held the statute is divisible and the offense qualifies as an ACCA predicate offense under the modified categorical approach. *Gundy*, 842 F.3d at 1168-69. Brundidge does not

5

cite a contrary holding, as required under plain error review. *See Rodriguez*, 627 F.3d at 1381. Moreover, a court may rely on undisputed facts contained in the presentence investigation report (PSI) in applying the modified categorical approach. *See United States v. Ramirez-Flores*, 743 F.3d 816, 820 & n.3 (11th Cir. 2014) (stating courts may consider undisputed facts contained in the PSI in applying the modified categorical approach). Thus, we affirm Brundidge's total sentence.

## II.  CONCLUSION

Brundidge did not establish plain error from the Government's closing arguments or in counting his prior conviction for burglary as a predicate offense under the ACCA. Thus, we affirm his convictions and total sentence.

**AFFIRMED.**