[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11942
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00096-LGW-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZICRON LORENZEN WRIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 21, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Zicron Wright is a federal prisoner who was tried and convicted for possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). He appeals his sentence, arguing that his sentence enhancement under the Armed Career Criminal

Act ("ACCA"), 18 U.S.C. § 924(e), is invalid because his Georgia convictions for robbery by sudden snatching, Ga. Stat. § 16-8-40(a)(3), and aggravated assault, Ga. Stat. § 16-5-21, are not violent felonies under the Act. Because Mr. Wright also committed two burglaries that count as violent felonies under ACCA, we affirm the district court.

Whether a particular conviction is a violent felony under the ACCA is a question of law we generally review *de novo*. *See United States v. Canty*, 570 F.3d 1251, 1254 (11th Cir. 2009). But where, as here, a defendant does not challenge his predicate convictions in the district court, we review for plain error. *See United States v. Jones*, 743 F.3d 826, 828 (11th Cir. 2014). When a defendant has chosen not to challenge his presentence investigation report ("PSI") at sentencing, we deem the facts of the PSI admitted for sentencing purposes. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006).

A felon in possession of ammunition who has at least three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another," is subject to a fifteen-year minimum enhanced statutory penalty under the ACCA. 18 U.S.C. § 924(e)(1). Mr. Wright has not challenged that two of his prior convictions, for selling cocaine and possessing cocaine with the intent to distribute, are serious drug offenses under the ACCA. Therefore, the only

question is whether the record reflects that Mr. Wright has committed a third violent felony or serious drug offense that triggers the ACCA's minimum 15-year penalty.

After Mr. Wright's conviction, the Probation Office prepared a PSI. The PSI indicated that Mr. Wright committed at least two prior serious drug offenses and at least two prior crimes of violence (robbery by sudden snatching and aggravated assault). The PSI also listed two convictions for burglary in Mr. Wright's criminal history, one in 1983 for breaking into a confectionary with the intent to commit theft and a second in 1984 for breaking into an oil service station with the intent to commit theft. Mr. Wright did not challenge these statements in the report.

Even assuming that Mr. Wright's convictions for robbery by sudden snatching and aggravated assault are not violent felonies, his other two burglary convictions satisfy the three-violent-felony threshold under the ACCA. We have previously held that Georgia burglary—breaking into a dwelling house or building with the intent to commit a crime therein—is a violent crime under the ACCA. *See United States v. Gundy*, 842 F.3d 1156, 1169 (11th Cir. 2016). Those elements match the facts of Mr. Wright's previous offenses, i.e., breaking into two buildings (a confectionary and an oil service station) with the intent to commit a crime (theft). Mr. Wright has not challenged the statements in the PSI or responded to the government's arguments on appeal that these two convictions each qualify as violent felonies under the ACCA, and he has thus waived any argument that the facts of those two crimes are

3

different from what is set out in the PSI.  Consequently, Mr. Wright's sentence is affirmed.

**AFFIRMED.**