[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10849

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANKIE SHEARRY, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:19-cr-00042-WLS-TQL-1

_____

Before Rosenbaum, Branch, and Tjoflat, Circuit Judges.

PER CURIAM:

Frankie Shearry, Jr. appeals his sentence of 188 months' imprisonment for possession of a firearm by a convicted felon. He argues that the District Court plainly erred in finding his four prior Georgia cocaine convictions qualified as serious drug offenses under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e). Because there is no binding precedent holding that Shearry's prior convictions do not qualify as serious drug offenses, the District Court did not plainly err. We affirm.

## I.

On August 15, 2019, a grand jury in the Middle District of Georgia indicted Frankie Shearry, Jr. on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The indictment included a notice that Shearry had prior convictions in Georgia that triggered a mandatory minimum sentence of 15 years imprisonment under the ACCA. Shearry pleaded guilty.

The presentence investigation report (the "PSR") indicated that multiple agencies began investigating Shearry after receiving an anonymous fax that he was using drugs. Based on that tip, law enforcement personnel searched Shearry's home as part of a county-wide operation focusing on certain probationers based on their criminal history or current status as probationers. They found two .380 caliber semi-automatic pistols, as well as drugs.

Shearry admitted to possessing the firearms for protection, despite the fact that he was prohibited from owning them. He also admitted to possessing drugs.

The PSR identified the base offense level for a violation of § 922(g)(1) as 24 and assessed Shearry a four-level increase for possessing the firearms in connection with another felony offense. As relevant here, the PSR noted that Shearry qualified as an armed career criminal because he had four prior convictions for serious drug offenses. Applying the ACCA enhancement, Shearry's adjusted offense level was 34. The PSR then applied a three-level deduction for acceptance of responsibility.

Shearry's criminal history included a 1995 conviction for possession of marijuana with intent to distribute and two convictions for possession of cocaine in 1999 and 2002. As relevant for the ACCA enhancement, the PSR indicated that Shearry had prior convictions in Georgia for possession of cocaine with the intent to distribute in 1999, 2003, 2007, and 2009. Shearry's prior criminal history resulted in a total criminal history score of 16 and a criminal history category of VI.

Finally, the PSR explained that § 924(e)(1) carried a minimum term of imprisonment of 15 years and a maximum term of life. The guideline range was 188 to 235 months. Shearry did not file any objections to the PSR, nor did he object to the PSR at the sentencing hearing.

The District Court sentenced Shearry to 188 months' imprisonment—the lowest possible guideline sentence—followed by

three years of supervised release.  When the Court asked if there were any objections to the sentence, Shearry's attorney made a "substantive reasonableness objection to the sentence under the theory that although we understand [18 U.S.C. §] 924(e) and what the statutes require we do think that's unreasonable."  Sent'g Tr., Doc. 95 at 14–15.  The District Court overruled that objection.

Shearry timely appealed.  On appeal, Shearry argues the District Court committed plain error in finding that his prior cocaine convictions qualified as serious drug offenses under the ACCA.  His argument in his initial brief was based on this Court's original decision in *United States v. Jackson* ("*Jackson I*"), 36 F.4th 1294 (11th Cir. 2022), and his initial brief was filed before that decision was vacated.  Shearry's argument was that Georgia's definition of cocaine was broader than the federal definition—just like Florida's definition of cocaine in *Jackson I*.  According to Shearry, Georgia's definition of cocaine, like Florida's, defined cocaine to include ioflupane, but the federal definition excluded ioflupane as a controlled substance.  After Shearry filed his initial brief, this Court vacated its decision in *Jackson I*—the sole opinion Shearry relied on to establish that the District Court's error was plain.

## II.

We review *de novo* whether a prior state conviction qualifies as a serious drug offense under the ACCA.  *United States v. Jackson* ("*Jackson II*"), 55 F.4th 846, 849–50 (11th Cir. 2022), *petition for cert. filed*, (U.S. Jan. 26, 2023) (No. 22-6640).  Federal law governs the meaning of terms in the ACCA and state law governs the elements

22-10849                Opinion of the Court                5

of state-law crimes. *Id.* at 850. But when, as here, a defendant does not raise a sentencing issue before the district court, we review for plain error. *United States v. Jones*, 743 F.3d 826, 828 (11th Cir. 2014). To establish plain error, a defendant must show: (1) an error, (2) that was obvious, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the proceedings. *United States v. Aguilar-Ibarra*, 740 F.3d 587, 592 (11th Cir. 2014). Before an error is subject to correction under the plain error rule, it must be plain under controlling precedent or the language of a statute or rule. *Id.* at 592 (quoting *United States v. Beckles*, 565 F.3d 832, 842 (11th Cir. 2009) (quotation marks and brackets omitted)). It is enough that the error is plain at the time of appellate consideration. *Johnson v. United States*, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997).

The ACCA requires that any person who violates 18 U.S.C. § 922(g) serve a mandatory minimum sentence of 15 years when the defendant has three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another. 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense," in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802))." *Id.* § 924(e)(2)(A)(ii). Section 102 of the Controlled Substances Act defines a "controlled substance" as any substance on the federal controlled substances schedules. *See* 21 U.S.C. §§ 802(6), 812. The current version of the federal drug schedules expressly excludes

ioflupane. 21 C.F.R. § 1308.12(b)(4)(ii). However, the federal drug schedules included ioflupane until 2015. *Jackson II*, 55 F.4th at 851 & n.4.

Georgia law prohibits possession with intent to distribute any controlled substance. Ga. Code Ann. § 16-13-30(b). In its current controlled substances schedules, Georgia includes:

> Cocaine, coca leaves, any salt, compound, derivative, stereoisomers of cocaine, or preparation of coca leaves, and any salt, compound, derivative, stereoisomers of cocaine, or preparation thereof which is chemically equivalent or identical with any of these substances, but not including decocainized coca leaves or extractions which do not contain cocaine or ecgonine.

Ga. Code Ann. § 16-13-26(1)(D). It does not specifically include or exclude ioflupane. *Id*. The versions of the definition of cocaine in effect in 2003, 2007, and 2009 contained the same wording. *See id*. (amendments effective from 2000 to May 28, 2007; May 29, 2007 to May 5, 2008; and Apr. 21, 2009 to June 2, 2010).

We apply the categorical approach to determine whether a defendant's state conviction is a serious drug offense under the ACCA. *Jackson II*, 55 F.4th at 850. Under the categorical approach, we consider the statutory definition of the state offense rather than the facts of the crime itself. *Id*. A state conviction qualifies only if the state statute under which the conviction occurred defines the offense in the same way as, or more narrowly than, the ACCA's definition of a serious drug offense. *Id*.

In *Jackson*, we initially vacated and remanded a defendant's ACCA-enhanced sentence, holding that the appellant's Florida cocaine-related offenses did not qualify as serious drug offenses under the ACCA. *Jackson I*, 36 F.4th at 1306. We determined that the federal controlled substances schedules that defined a serious drug offense under the ACCA were those in effect when the defendant committed his federal offense and that those schedules did not cover ioflupane at the time he committed his federal offense. *Id.* at 1299–1302. Since the relevant Florida statute covered ioflupane when he was convicted of his prior cocaine-related offenses, the Florida statute's controlled-substance element was broader than the relevant version of the federal controlled substances schedules, and his prior cocaine-related convictions thus did not qualify as serious drug offenses. *Id.* at 1303–04.

We vacated our decision in *Jackson I* and, in *Jackson II*, held that the appellant's Florida cocaine-related convictions qualified as serious drug offenses. *Jackson II*, 55 F.4th at 861–62. We held that the ACCA's definition of a serious drug offense incorporates the version of the federal controlled substances schedules in effect when the defendant was convicted of the prior state drug offense. *Id.* at 854. We concluded that the appellant's 1998 and 2004 Florida cocaine-related convictions qualified because Florida's controlled substances schedules included ioflupane until 2017 and the federal controlled substance schedules also included ioflupane until 2015. *Id.* at 851 & nn.3–4. We concluded the Florida controlled substances schedules included ioflupane because Florida later amended its schedules to exclude ioflupane. *Id.* at 851 n.3.

Under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this court sitting *en banc*." *United States v. Dudley*, 5 F.4th 1249, 1265 (11th Cir. 2021) (internal quotation marks omitted), *cert. denied*, 142 S. Ct. 1376 (2022). A subsequent panel cannot overrule a prior panel even if it is convinced the prior panel was wrong. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).

Here, the District Court did not plainly err in finding that Shearry's prior Georgia cocaine-related convictions were serious drug offenses because there is no binding precedent holding that they do not qualify as serious drug offenses. Moreover, Shearry concedes that his argument that his Georgia convictions were not serious drug offenses relied on *Jackson I*—which was vacated and superseded by *Jackson II*—and that his argument is foreclosed by *Jackson II*. Aside from *Jackson I*, Shearry does not point to any other precedent from this Court or the Supreme Court to show that the District Court's alleged error was plain. We are bound by our holding in *Jackson II*. Shearry's argument that *Jackson II* was wrongly decided is not enough to overcome the prior panel precedent rule. *See Steele*, 147 F.3d at 1317–18. Because an error must be clear under binding precedent or the language of a statute or rule in order to be "plain," Shearry's argument does not satisfy the second prong of plain error review. Accordingly, we affirm.

**AFFIRMED.**