[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10707
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20173-RSR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MALINSKY BAZILE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 24, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Malinsky Bazile appeals the district court's application of a two-level

vulnerable victim enhancement in calculating his total 144-month sentence,

imposed below the advisory guideline range, after being convicted at trial of one count of trafficking in unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2) (Count 1), four counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 2-5), one count of fraud and related activity in connection with computers, in violation of 18 U.S.C. § 1030 (Count 6), and one count of possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3) (Count 7).  Bazile argues on appeal that the district court plainly erred in applying a two-level vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1(b)(1).  Specifically, Bazile contends that the identity theft victims he targeted were neither "vulnerable" nor "victims" within the meaning of § 3A1.1.  He further asserts that the district court's error affected his substantial rights because there is a reasonable probability that absent the enhancement, the district court would have imposed a lower sentence.

We review objections to sentencing calculations raised for the first time on appeal under a plain error standard of review.  *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006).  Under the plain error standard, the defendant must demonstrate four factors: (1) there was an error, (2) the error is plain, (3) the error affects substantial rights, and, if the foregoing three factors are met, (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

2

*United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

An error is plain if it is clear from either the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this Court. *United States v. Pantle*, 637 F.3d 1172, 1174-75 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1091 (2012). An error affects substantial rights when it is prejudicial to the defendant, meaning the defendant must show that the error affected the outcome of the district court proceedings. *Olano*, 507 U.S. at 734, 113 S.Ct. at 1778. With regard to sentencing, this means that the defendant must show that there is a reasonable probability that the district court would have imposed a shorter sentence absent the challenged enhancement. *Pantle*, 637 F.3d at 1177. Finally, an error seriously affects the fairness, integrity, and public reputation of the judicial proceedings if failure to correct the error would result in a miscarriage of justice. *Olano*, 507 U.S. at 736, 113 S.Ct. at 1779.

Section 3A1.1(b)(1) provides for a two-level increase "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). A "vulnerable victim" is "a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to

3

the criminal conduct." U.S.S.G. § 3A1.1, comment. (n.2). The vulnerable victim enhancement applies when the defendant specifically targets his victims based on the victims' perceived vulnerability to the offense. *United States v. Phillips*, 287 F.3d 1053, 1057 (11th Cir. 2002).

In determining the applicability of the vulnerable victim enhancement, we focus on the facts known to the defendant when he selected his victims. *Id.* This is a fact-intensive inquiry which must consider the totality of the circumstances in each individual case. *United States v. Frank*, 247 F.3d 1257, 1260 (11th Cir. 2001). Thus, a victim may be considered "vulnerable" under the circumstances of a particular case even if that victim would not be considered "vulnerable" for all crimes. *See, e.g.*, *id.* (finding a cab driver to be a vulnerable victim under the particular facts of the case while noting that the enhancement would not be warranted in every case involving a cab driver). Finally, § 3A1.1(b)(1) does not require a victim to have suffered any particular type of harm for the enhancement to apply. *See* U.S.S.G. § 3A1.1, comment. (n.2); *see also United States v. Bradley*, 644 F.3d 1213, 1288 (11th Cir. 2011) (finding that a victim need not suffer bodily injury to qualify for the vulnerable victim enhancement).

The district court did not plainly err in applying the two-level vulnerable victim enhancement in this case because the individual identity theft victims of Bazile's tax refund fraud scheme were "vulnerable victims" within the meaning of

4

§ 3A1.1.  Unlike other sections of the Guidelines, § 3A1.1 does not require a victim to have suffered any particular type of harm for the enhancement to apply. *Compare, e.g.*, U.S.S.G. § 2B1.1, comment. (n.1) (defining "victim" for purposes of that section as a person who suffered actual losses or bodily injury), *with* U.S.S.G. § 3A1.1, comment. (n.2) (containing no similar restriction for purposes of §3A1.1); s*ee also Bradley*, 644 F.3d at 1288-89.  Furthermore, Bazile targeted his particular victims based on his perception that they would be more susceptible to his tax fraud scheme, making it less likely that he would be caught.  *Phillips*, 287 F.3d 1057.  Thus, because the district court did not err, much less plainly err, in applying the vulnerable victim enhancement, we affirm.

     **AFFIRMED.**