[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12794
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cr-00218-TJC-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD B. WALBEY, III,
Bond,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 16, 2015)

Before MARCUS, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Harold B. Walbey III appeals his 51-month sentence, imposed after he pleaded guilty to committing wire fraud, in violation of 18 U.S.C. § 1343, and identity theft, in violation of 18 U.S.C. § 1028(a)(7), (b)(2).  On appeal, Walbey

argues that the district court clearly erred by applying a two-level vulnerable victim sentencing enhancement pursuant to U.S.S.G. § 3A1.1(b)(1). After careful review, we affirm.

We review de novo the district court's application of the sentencing guidelines but must give due deference to the district court's factual findings. United States v. Kapordelis, 569 F.3d 1291, 1315–16 (11th Cir. 2009). However, objections to sentencing calculations raised for the first time on appeal are reviewed for plain error. United States v. Moran, 778 F.3d 942, 977 (11th Cir. 2015). Plain error requires that the defendant establish three factors: (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Hesser, 800 F.3d 1310, 1324 (11th Cir. 2015). If these conditions are satisfied, we may, in our discretion, recognize a forfeited error where the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotation and brackets omitted). With regard to sentencing, the defendant must show a "reasonable probability" that he would have received a shorter sentence but for the error. United States v. Jones, 743 F.3d 826, 830 (11th Cir. 2014).

The vulnerable victim enhancement applies a two-level increase "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). A "vulnerable victim" is "a person (A) who is a victim of the offense of conviction and any conduct for which the

2

defendant is accountable under [§ 1B1.3] (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct."  U.S.S.G. § 3A1.1, comment. (n.2).  The enhancement applies when a defendant targets his victim based on the victim's perceived susceptibility to the offense.  Moran, 778 F.3d at 978.  Neither bodily nor financial harm to the victim is required for the enhancement.  Id.  Both a victim's circumstances and immutable characteristics can render a victim vulnerable for the purposes of the enhancement.  United States v. Bradley, 644 F.3d 1213, 1288 (11th Cir. 2011).  Furthermore, the determination to apply the enhancement "must take into account the totality of the circumstances, including in some cases the victim's membership in a certain class or occupation."  United States v. Frank, 247 F.3d 1257, 1260 (11th Cir. 2001).

In this case, Walbey failed to object to the factual basis for the vulnerable victim enhancement in district court, and has failed to show that the district court plainly erred in applying the enhancement.  As the record reveals, the victims of Walbey's identity theft -- inmates at the Duval County Jail, where Walbey worked as a correctional officer -- were particularly susceptible to Walbey's scheme since their identifying information was available to Walbey in his role as a correctional officer.  Walbey knew the victims were particularly susceptible to his scheme because they were incarcerated and unemployed, making them unlikely to file tax

3

returns.  Moreover, Walbey targeted inmates with longer prison sentences whom he perceived as less likely to file tax returns, thereby reducing the odds he would be caught.  And in some cases, Walbey used the same inmate's name multiple times to file a fraudulent tax return.  In fraud cases "the repeated targeting of a victim . . . constitutes evidence that the defendant knew the victim was particularly vulnerable to the fraud scheme."  United States v. Day, 405 F.3d 1293, 1296 (11th Cir. 2005).  Thus, Walbey's victims were individuals "otherwise particularly susceptible" to his criminal activity within the meaning of § 3A1.1(b)(1).

Walbey argues that the district court improperly treated the inmates as a general class of per se vulnerable victims, and vulnerability "would have to be determined through an individual evaluation and analysis of each pre-trial detainee victim."  However, in previous cases we have examined victims as groups, and not individually, for particularized vulnerabilities.  See United States v. Malone, 78 F.3d 518, 523 (11th Cir. 1996) (holding dispatched cab drivers are vulnerable victims due to their obligation to stop for strangers who may intend them harm); see also United States v. Phillips, 287 F.3d 1053, 1057-58 (11th Cir. 2002) (holding a particular group of bank tellers were vulnerable victims due to their remote location with little police protection).

In any event, even if the district court did err in imposing the vulnerable victim enhancement, Walbey cannot show that the error affected his substantial

rights or seriously affected the integrity, fairness, or public reputation of the proceedings.  See Jones, 743 F.3d at 830 (holding the fourth prong of the plain error analysis satisfied where the defendant was given a mandatory minimum sentence which exceeded the otherwise applicable statutory maximum).  Had the district court not applied the vulnerable victim enhancement, Walbey's sentence would have been at the bottom of the adjusted guideline range of 51-63 months.  Furthermore, the district court's statements at sentencing suggest the district court considered the enhancements, although correctly applied, to overlap.  The district court's comments demonstrate that, based on the seriousness of the crime, it considered the sentence imposed to be appropriate.[1]

**AFFIRMED**.

---

[1] To the extent Walbey asks this Court to reconsider the holdings in United States v. Bazile, 590 F. App'x 870 (11th Cir. 2014), a party abandons a claim that is not adequately addressed in its brief.  United States v. King, 751 F.3d 1268, 1277 (11th Cir. 2014), cert. denied, 135 S. Ct. 389 (2014).  Terse statements or argument in passing are insufficient to save an issue from abandonment.  Id.  Because Walbey mentioned Bazile without discussion or support from authority, Walbey has abandoned this argument.