[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10996
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cr-20544-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCTAVIUS YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 6, 2016)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Octavius Young appeals his 180-month sentence, imposed after pleading guilty to one count of violating the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 922(g), by possessing a firearm as a convicted felon. After careful consideration of the parties' briefs, we affirm.

## I.

Young was indicted on one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). Section 922(g) prohibits convicted felons from possessing a firearm. 18 U.S.C. § 922(g)(1). And § 924(e)(1) provides a 15-year mandatory minimum sentence for individuals who violate § 922(g) and have three prior convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1).

Young entered into a plea agreement with a factual proffer. According to the proffer, during a traffic stop, a police officer observed Young exiting a Nissan Maxima containing four firearms and numerous rounds of ammunition. The proffer further stated that after receiving his *Miranda*[1] warnings, Young admitted to possessing one of the firearms. Young also agreed in the proffer that all of the firearms and ammunition were manufactured outside of Florida and therefore affected interstate commerce. Young also stipulated that before this incident, he had been convicted of a felony.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

In the plea agreement, Young agreed to plead guilty to §§ 922(g)(1) and 924(e)(1). In return, the government stipulated that he possessed only one of the four weapons recovered from the vehicle. The plea agreement stated that Young was aware of and understood that his charge resulted in a statutory maximum of life and a statutory minimum of 15 years. Both parties agreed to recommend a sentence of 15 years' imprisonment, which was the mandatory minimum "based on the defendant's qualification as an Armed Career Criminal under 18 U.S.C. § 924(e)(1)." Doc. 38 ¶ 10.[2] Finally, the plea agreement included the following appeal waiver:

> [T]he defendant hereby waives all rights conferred by [18 U.S.C. § 3742] to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing.

*Id.* ¶ 13.

At the plea hearing, the judge, prosecutor, and defense attorney discussed at length the likelihood that Young's prior offenses would qualify him as an armed career criminal, thus requiring a 15-year mandatory minimum sentence. Young indicated that he understood he likely faced a 15-year mandatory minimum sentence and that he could not appeal a sentence of 15 years because of the appeal

---

[2] Citations to "Doc." refer to docket entries in the district court record in this case.

waiver.  Young stated that he wanted to plead guilty nonetheless.  The district court accepted the plea.

The probation office prepared a presentence investigation report ("PSI").  Relevant to this appeal, paragraph 30 of the PSI stated that Young previously had been convicted of possession with the intent to sell marijuana within 1,000 feet of a public housing facility, in violation of Fla. Stat. § 893.13(1)(f).  The PSI identified two additional prior state felony convictions.  Thus, the PSI applied a base offense level of 24.  *See* U.S.S.G. § 2K2.1(a)(2) (providing a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense").

After accounting for relevant enhancements and reductions, the PSI calculated the total offense level at 30.  With a criminal history category of IV, the advisory sentencing guideline range was 135-168 months' imprisonment.  However, pursuant to U.S.S.G. § 5G1.1(c)(2), based on the ACCA mandatory minimum of 180 months, *see* 18 U.S.C. § 924(e)(1), the applicable guideline range was 180 months.  The parties filed no objections to the PSI.

At the sentencing hearing, both the government and Young requested the 15-year minimum sentence.  The district court sentenced Young to 15 years' imprisonment.  His counsel did not file a direct appeal.

4

After the time for filing a direct appeal expired, Young filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255.  He argued that his counsel was ineffective for failing to file a direct appeal as he requested and for not challenging the use of his conviction under Fla. Stat. 893.13(1)(f) as a predicate offense under the ACCA.  The magistrate judge issued a report and recommendation, finding credible Young's testimony that he requested an appeal.  The magistrate judge recommended that the district court vacate the sentence, re-impose the same sentence, notify Young of his rights associated with a direct appeal, and dismiss the remaining claims without prejudice so Young could raise them in a subsequent § 2255 motion once his conviction became final upon resolution of his direct appeal.  Neither party objected.  The district court adopted the report and recommendation, vacated Young's sentence, and dismissed without prejudice his remaining claims of ineffective assistance of counsel.

At re-sentencing, Young objected to his status as an armed career criminal, arguing that his conviction under Fla. Stat. § 893.13(1)(f) for possession with intent to sell or deliver marijuana within 1000 feet of a public housing facility, identified in paragraph 30 of the PSI, could not be a predicate offense for purposes of the ACCA.  The government objected, arguing that Young had "agreed to jointly recommend 15 years," and by failing to do so, he violated the plea agreement.  Doc. 65 at 8.  The district court found that Young waived his ACCA

5

objection in the plea agreement and, alternatively, that the marijuana offense listed in paragraph 30 qualified as a predicate offense. The court then re-sentenced Young to 180 months' imprisonment. This appeal followed.

## II.

Young first argues that his prior conviction under Fla. Stat. § 893.13(f)(1) for possession with the intent to sell, manufacture, or deliver marijuana within 1,000 feet of a public housing facility does not qualify as a predicate offense under the ACCA, 18 U.S.C. § 924(e), because this conviction requires no *mens rea* element as to the illicit nature of the substance.[3] We review *de novo* whether a conviction is a "serious drug offense" under the ACCA. *United States v. James*, 430 F.3d 1150, 1153 (11th Cir. 2005).[4]

Young is correct that his conviction under Fla. Stat. § 893.13(1)(f) did not require an element of *mens rea* with respect to the illicit nature of the drug. *See*

---

[3] The government concedes that Young's first argument falls within the exception to the appeal waiver for challenges to sentences that "exceed[] the maximum permitted by statute." Doc. 38 ¶ 13; *see also United States v. Jones*, 743 F.3d 826, 828 n.2 (11th Cir. 2014) (holding that an identical reserve clause in an appeal waiver allowed the appellant to argue that the ACCA enhancement was inapplicable, because the defendant was sentenced to 15 years but "without the ACCA enhancement, the maximum sentence [the defendant] could have received under the statute [was] ten years" (citing 18 U.S.C. § 924(a)(2)). The government also does not argue on appeal that Young waived this ACCA objection in the plea agreement.

[4] We decline the government's invitation to apply the plain error standard of review to Young's argument regarding Fla. Stat. § 893.13(1)(f). Although Young initially raised no objection to the ACCA classification based on this state conviction, the district court vacated the initial sentence. On re-sentencing, Young lodged an objection sufficient to preserve this issue for *de novo* review on appeal.

*State v. Adkins*, 96 So. 3d 412, 416 (Fla. 2012) ("[Section 893.101] of the Florida Statutes] expressly eliminates knowledge of the illicit nature of the controlled substance as an element of controlled substance offenses and expressly creates an affirmative defense of lack of knowledge of the illicit nature of the substance."). But as Young concedes, we have held that the definition of a "serious drug offense" in the ACCA, 18 U.S.C. § 924(e)(2)(A), neither expressly nor impliedly includes a *mens rea* element with respect to the illicit nature of the drug. *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014). In *Smith*, we specifically held that a violation of Fla. Stat. § 893.13(1) is a "serious drug offense" under the ACCA, 18 U.S.C. § 924(e)(2)(A). We are bound by this prior opinion. *See United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) ("We may disregard the holding of a prior opinion only where that holding is overruled by the Court sitting *en banc* or by the Supreme Court." (internal quotation marks omitted)). We therefore reject Young's first argument.

Young raises two additional arguments. He argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his sentence violates his Fifth and Sixth Amendment rights because he did not stipulate to the facts of his prior convictions, and those facts were not included in the indictment. Young also asserts a constitutional challenge to § 922(g). He contends that § 922(g) violates the Commerce Clause of the Constitution, U.S. Const. Art. I. § 8, cl. 3, both on its face

7

and as applied to him, because it regulates non-economic violent criminal conduct that has no substantial effect on interstate commerce.  Both of these arguments are barred by the appeal waiver.

Young does not challenge the validity of the plea agreement containing the appeal waiver.  Instead, he asserts that his two remaining arguments fall within the appeal waiver exception for a sentence that "exceeds the maximum permitted by statute."  Doc. 38 ¶ 13.  We disagree.

We review *de novo* the interpretation of an appeal waiver.  *See United States v. Rubbo*, 396 F.3d 1330, 1332-35 (11th Cir. 2005).  Absent some indication that the parties intended otherwise, the language of the appeal waiver should be given its ordinary and natural meaning.  *See id.* at 1334.  We resolve any ambiguities in the agreement in favor of the defendant.  *See United States v. Copeland*, 381 F.3d 1101, 1105-1106 (11th Cir. 2004).

Young's argument under *Apprendi* does not fit within the appeal waiver exception.  In *Rubbo*, we considered a similar argument under *Apprendi* and concluded that it did not fall within an identical appeal waiver exception for a sentence that "*exceeds the maximum permitted by statute.*"  *Rubbo*, 396 F.3d at 1333.  The appellant argued that the sentence the district court imposed went "beyond that permitted on the basis of the facts she admitted during her plea colloquy."  *Id.*  Just as in *Rubbo*, here Young offers no evidence that the parties

intended to "reserve a right for [him] to appeal any *Apprendi*-type issues." *Id.* at 1335. Young's *Apprendi* argument is barred by the appeal waiver.

Likewise, the appeal waiver forecloses Young's argument that 18 U.S.C. § 922(g) violates the Commerce Clause. This argument does not challenge a sentence imposed in excess of a statutory maximum; it challenges the constitutionality of the statute itself. Young points to no facts suggesting that the parties intended to allow this type of constitutional challenge to § 922(g) on appeal. Thus, this argument also is barred by the appeal waiver.

Even if the appeal waiver did not bar these two arguments, we would reject them on the merits. Young failed to raise them before the district court; thus, our review is only for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). "An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred." *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). Young cannot show any error, let alone plain error, because, as he acknowledges, these arguments are foreclosed by controlling precedent. *See United States v. Phaknikone*, 605 F.3d 1099, 1111 (11th Cir. 2010) (rejecting as foreclosed by precedent identical challenges to § 922(g)(1), which asserted that the statute violated the Commerce Clause both on its face and as applied to the defendant, because it regulates purely intrastate activity that does not have a substantial effect on interstate commerce)

9

(citing *United States v. Dunn*, 345 F.3d 1285, 1297 (11th Cir. 2003); *United States v. Scott*, 263 F.3d 1270, 1274 (11th Cir. 2001)); *Almendarez-Torres v. United States*, 523 U.S. 224, 235-36 (1998) (holding that a prior conviction may be used to enhance a sentence, even if the conviction was not charged in the indictment and proved beyond a reasonable doubt); *see also Apprendi*, 530 U.S. at 489-90 (expressly declining to overrule *Almendarez-Torres*).

For the foregoing reasons, we **AFFIRM**.