[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12053
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00177-VMC-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEVI STACKHOUSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 7, 2017)

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Levi Stackhouse appeals his 200-month sentence, imposed within his guidelines range, after pleading guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  On appeal, Stackhouse argues that his sentence is procedurally unreasonable because the district court relied on a clearly erroneous fact in setting his sentence.  Stackhouse also argues that his sentence is substantively unreasonable because it is greater than necessary under the law.

We review a sentence for reasonableness, which "merely asks whether the trial court abused its discretion."  *Rita v. United States*, 551 U.S. 338, 351 (2007).  The reasonableness of a sentence is assessed using a two-step process.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir.), *cert. denied*, 135 S. Ct. 764 (2014).  First, we determine whether the district court committed any significant procedural error by, among other things, selecting a sentence based on clearly erroneous facts.  *Id.*  Second, we examine whether the sentence is substantively reasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors.  *Id.*

Where the defendant failed to object in the district court, we review procedural reasonableness for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To show plain error, the defendant must show that there is (1) an error (2) that is plain (3) that has affected the defendant's substantial

2

rights.  *Id.*  If those three prongs are met, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (brackets and quotation omitted).  An error affects substantial rights if the defendant shows a reasonable probability that he would have received a lighter sentence but for the error.  *United States v. Jones*, 743 F.3d 826, 830 (11th Cir. 2014).  Where the effect of an error is uncertain or indeterminate, the appellant has not carried his burden as to the third prong of the plain error test.  *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir. 2005).

A factual finding is erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been made.  *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011).  A district court may base its factual findings at sentencing on undisputed statements in the presentence investigation report ("PSI").  *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004).

Stackhouse did not make any objections, procedural or otherwise, before or during the sentencing hearing.  Therefore, we apply the plain error test in assessing the procedural reasonableness of Stackhouse's sentence.  *Vandergrift*, 754 F.3d at 1307.

The district court did not rely on an erroneous fact when it stated that Stackhouse "held a gun to [Barksdale's] head."  The factual statements in the PSI

3

could have led the district court to believe Stackhouse had held a gun to Barksdale's head.  Furthermore, the difference between holding a gun to someone's head and pointing a gun at someone while threatening to shoot them in the head is not significant enough that it leaves us with the definite and firm conviction that the district court made a mistake in this case.  *See Barrington*, 648 F.3d at 1195.  Even if the district court did rely on an erroneous fact, Stackhouse still did not show that this error affected his substantial rights or the fairness, integrity, and public reputation of court proceedings.  Nothing in the record indicates that the district court would have imposed a lesser sentence if it had not found that Stackhouse held a gun to Barksdale's head.  *Jones*, 743 F.3d at 830.  Thus, Stackhouse's sentence is not procedurally unreasonable and the district court did not plainly err.

The substantive reasonableness of a sentence is reviewed for an abuse of discretion, based on the totality of the circumstances.  *Barrington*, 648 F.3d at 1203–04.  For a sentence to be substantively reasonable, the district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct and protect the public from the defendant's future criminal conduct.  18 U.S.C. § 3553(a)(2); *United States v. Gonzalez*, 550

4

F.3d 1319, 1324 (11th Cir. 2008).  The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. §§ 3553(a)(1), (3)–(7); *Gonzalez*, 550 F.3d at 1324.

We commit the weight to be accorded any factor "to the sound discretion of the district court." *Barrington*, 648 F.3d at 1204.  Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  A sentence imposed well below the statutory maximum is another indicator of a reasonable sentence.  *See Gonzalez*, 550 F.3d at 1324.  The party challenging a sentence has the burden of showing that the sentence is unreasonable.  *Barrington*, 648 F.3d at 1204.

Stackhouse failed to show his sentence is substantively unreasonable.  The district court's disagreement with Stackhouse on the weight to give mitigating factors versus other § 3553(a) factors does not show his sentence is unreasonable. *See Barrington*, 648 F.3d at 1204.  The fact that his sentence is within his guidelines range and below the statutory maximum also indicates that his sentence is reasonable.  *See Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324.  Therefore,

Stackhouse's sentence is not substantively unreasonable and the district court did not abuse its discretion.

Accordingly, upon review of the record and the parties' briefs, we affirm Stackhouse's 200-month sentence.

**AFFIRMED.**