[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-14934

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RONALD GEORGE LATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00552-SDM-AAS-1

_____

Before LAGOA, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

There are two issues in this criminal appeal. First, whether 18 U.S.C. § 922(g) violates the Constitution. And second, whether the district court plainly erred in enhancing Ronald Latson's sentence for violating Section 922(g) under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Our precedent answers the first question in the negative and the second in the positive. Accordingly, we affirm Latson's conviction, vacate his sentence, and remand for resentencing.

## I.    BACKGROUND

On June 22, 2018, Tampa police arrested Ronald George Latson after responding to a complaint that he had been selling marijuana at a park. When officers searched Latson, they found a firearm and ammunition. Latson was later indicted in the Middle District of Florida on a single count of knowingly possessing a firearm and ammunition in and affecting interstate commerce while having been convicted of a felony, a violation of Sections 922(g)(1) and 924(e). Latson pleaded guilty, and the court accepted his plea.

After the Supreme Court decided *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019), the district court vacated the plea. Latson then moved to dismiss the Section 922(g) count, arguing that the statute exceeded Congress's legislative authority under the Commerce Clause. The district court denied his motion.

After the motion to dismiss failed, Latson waived his right to be charged by indictment and was charged again in a superseding information, this time of knowing that he was a convicted felon and knowingly possessing a firearm and ammunition. He then entered a new guilty plea, and was sentenced to 180 months in prison, the mandatory minimum prison sentence under the Armed Career Criminal Act, plus sixty months of supervised release.

Latson's presentence investigation report found that his total offense level was twenty-five but revised that total up to thirty-one based on an Armed Career Criminal Act enhancement. The report cited five qualifying convictions under Florida's drug crimes statute, Fla. Stat. § 893.13, as predicates: four relating to marijuana and one relating to cocaine. With the enhancement included, the report found that Latson's guidelines range was 188-to-235 months with a mandatory minimum of 180 months in prison. Without the enhancement, his guidelines range would have been 110-to-137 months with a statutory maximum of 120 months in prison and thirty-six months of supervised release. Although Latson objected to the enhancement before the district court, he never argued that his marijuana convictions were not qualifying "serious drug offenses" because Florida law criminalized a broader category of marijuana than federal law.

Latson timely appealed both his conviction and his sentence.

## II.     DISCUSSION

### A.     *Section 922(g) Does Not Violate the Constitution*

Latson argues that his conviction should be vacated because Section 922(g) exceeds Congress's legislative authority under the Commerce Clause. But Latson's brief acknowledges that our binding precedent forecloses such a challenge, and we agree. *See United States v. Scott*, 263 F.3d 1270, 1271–74 (11th Cir. 2001); *United States v. Wright*, 607 F.3d 708, 715–16 (11th Cir 2010).

### B.     *The District Court Plainly Erred by Enhancing Latson's Sentence*

Latson next argues that his sentence was unlawful because his four Florida marijuana convictions were not "serious drug offenses" under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1). Specifically, he argues that Florida law criminalizes the "mature stalks" of the cannabis plaint, but federal law does not. Accordingly, he contends, his Florida convictions are not "serious drug offenses" that serve as valid predicates capable of supporting a sentencing enhancement. And if his four marijuana convictions had not been considered "serious drug offenses," Latson would not have possessed the requisite three convictions necessary to qualify for an Armed Career Criminal Act enhancement. *See id.*

Our review is complicated by Latson's failure to raise and litigate this argument in a timely manner. Latson raised this argument for the first time on appeal—not in the district court. And,

even on appeal, he first raised it in a supplemental filing—not his opening brief. Accordingly, we must begin by evaluating whether we can consider this argument at all and, if we can, whether Latson can establish plain error.

We turn first to Latson's failure to raise this argument in his opening brief. In the usual course, an appellant's failure to make an argument in his initial brief forfeits that argument. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). But we may forgive such a forfeiture upon consideration of five factors. Those factors are (1) whether the argument involves a pure question of law, the refusal to consider which would result in a miscarriage of justice; (2) whether the party raises an objection to an order which he had no opportunity to challenge below; (3) whether the interest of substantial justice is at stake; (4) whether the proper resolution of the issue is beyond any doubt; and (5) whether the issue presents significant questions of general impact or great public concern. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004).

Upon consideration of the *Access Now* factors, we forgive Latson's forfeiture because his argument: (1) involves a pure question of law, the refusal to consider which would result in the affirmance of a sentence exceeding the statutory maximum; (2) implicates the interests of substantial justice; and (3) concerns an issue the resolution of which is beyond doubt in the light of our recent precedents. *See Said v. U.S. Att'y Gen.*, 28 F.4th 1328, 1333 (11th Cir. 2022).

Having concluded that we can consider the argument despite Latson's failure to raise it in his opening brief on appeal, we review only for plain error because Latson failed to raise the argument before the district court. *Wright*, 607 F.3d at 715. "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Turning to the first element of plain error, the government concedes, and we agree, that Latson has established that the district court erred in enhancing his sentence. We apply the categorical approach to determine whether a particular Florida drug offense is a "serious drug offense" under the Armed Career Criminal Act. *See Shular v. United States*, 589 U.S. ___, 140 S. Ct. 779, 783 (2020); *United States v. Jackson*, 36 F.4th 1294, 1300 (11th Cir. 2022); *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1183 (11th Cir. 2018). That is, we look to whether the least culpable conduct criminalized by the state statute is a "serious drug offense" under federal law. Latson notes that Florida law at the time of his convictions prohibited the possession of "the mature stalks of [the cannabis] plant" but federal law does not. Indeed, Florida has criminalized mature cannabis stalks since 1979, *see* Fla. Stat. § 893.02, historical and statutory notes (citing Laws 1979, c. 79-325, § 1), and federal law allowed possession of mature stalks both at the time of Latson's federal firearm offense and at all other potentially relevant times, *see* 21 U.S.C. 802(16) (Effective Apr. 15, 2009, to Dec. 17, 2014); *id.* (Effective

Dec. 18, 2014, to July 21, 2014); *id.* (Effective July 22, 2016, to Oct. 23, 2018); *id.* (Effective Dec. 21, 2018, to present).

Because of this mismatch between Florida and federal law, Latson reasons that his Florida marijuana convictions are not "serious drug offenses" under federal law. Our recent decision in *Said* adopts Latson's position. In *Said,* we held that (1) a mismatch between Florida and federal law exists as to the treatment of mature cannabis stalks and (2) the "significant divergence" between the two is "on its own . . . sufficient to establish a realistic probability of broader prosecution under Florida law." 28 F.4th at 1333. *See also Chamu v. U.S. Att'y Gen.*, 23 F.4th 1325, 1330 (11th Cir. 2022) (addressing "realistic probability" standard). Because the same disparity between the Florida law and federal law in *Said* also exists here, the district court erred by enhancing Latson's sentence based on his Florida marijuana convictions.

Second, the government concedes, and we agree, that the district court's error was plain. To be plain, an error must be "clear under current law," *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)), as expressed by either "the explicit language of a statute or rule" or "precedent from the Supreme Court or this Court" that directly resolves the issue, *id.* (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003)). *Said* directly resolves the legal issue in Latson's favor. Although the district court did not have the benefit of *Said*, that timing does not matter for the purposes of plain error review. *See United States v. Jones*, 743 F.3d 826,

829–30 (11th Cir. 2014) (applying an "intervening decision" on plain error review).

Finally, Latson has shown that the plain error affected both his substantial rights and the fairness, integrity, or public reputation of judicial proceedings. Without the Armed Career Criminal Act Enhancement, Latson would have faced a 120-month mandatory maximum prison sentence followed by at most thirty-six months of supervised release. 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(b)(2). With the enhancement, he was instead subject to a 180-month mandatory minimum, to which the district court added sixty months of supervised release. We have held that an improperly enhanced sentence exceeding the statutory maximum justifies relief on plain-error review. *Jones*, 743 F.3d at 830.

## III.    CONCLUSION

For the foregoing reasons, Latson's conviction is **AFFIRMED**. His sentence is **VACATED** and **REMANDED** for re-sentencing.