[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13968

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

AUNYIS CHERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00187-KKM-JSS-1

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Appellant Aunyis Cherry appeals his 275-month sentence, which was imposed after a jury found him guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that he had three prior convictions for serious drug offenses and thus was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

On appeal, Cherry challenges the application of the ACCA enhancement. He argues that the district court erred in treating his three Florida state convictions for sale or delivery of cocaine as serious drug offenses under the ACCA because, at the time he committed those offenses, Florida law defined cocaine more broadly than federal law. He has filed a motion for summary reversal, which the government does not oppose. We grant the motion, vacate Cherry's sentence, and remand for resentencing.

**I.**

In November 2020, law enforcement officers found Cherry, a convicted felon, in possession of a firearm and ammunition. A grand jury charged Cherry with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). After a trial, a jury found Cherry guilty of this crime.[1]

---

[1] The grand jury also charged Cherry with possessing marijuana with intent to distribute and knowingly possessing a firearm in furtherance of a drug-

22-13968                  Opinion of the Court                         3

Before sentencing, a probation officer prepared a presentence investigation report ("PSR"). When Cherry possessed the firearm, the statutory maximum sentence for possession of a firearm by a convicted felon was generally 10 years' imprisonment.[2] *See* 18 U.S.C. § 924(a)(2) (2020). But the PSR reported that Cherry faced an enhanced statutory penalty range under the ACCA because he had three previous convictions in Florida state court for the sale or delivery of cocaine. The PSR stated that these convictions arose out of offenses that occurred on April 25, 2017, May 2, 2017, and May 9, 2017. After applying the ACCA enhancement, the PSR calculated Cherry's guidelines range as 262 to 327 months' imprisonment.

Cherry objected to the ACCA enhancement, arguing only that it should not apply because a jury had not determined beyond a reasonable doubt that his three predicate offenses occurred on different occasions. At the sentencing hearing, the district court overruled Cherry's objection, applied the ACCA enhancement, and adopted the PSR's guidelines calculation. The court imposed a sentence of 275 months' imprisonment. This is Cherry's appeal.

---

trafficking crime. Because the jury found Cherry not guilty of these offenses, we discuss them no further.

[2] After Cherry committed the offense, Congress raised the statutory maximum sentence to 15 years' imprisonment. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159 § 12004(c), 136 Stat. 1313, 1327 (2022).

## II.

As relevant here, summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[3]

We generally "review *de novo* whether a conviction qualifies as a serious drug offense under the ACCA." *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). But when a defendant raises an issue for the first time on appeal, we review for plain error only. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012). To show plain error, a defendant must establish: (1) there was error; (2) that was plain; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

## III.

Federal law prohibits those who have been convicted of a felony offense from owning or possessing a firearm. *See* 18 U.S.C. § 922(g). The ACCA provides that a defendant who violates 18 U.S.C. § 922(g) faces an enhanced penalty range if he "has three previous convictions . . . for a violent felony or a serious drug

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

offense, or both, committed on occasions different from one an-other." *Id.* § 924(e)(1).

We apply the categorical approach to determine whether a defendant's state conviction is a serious drug offense under the ACCA. *United States v. Conage*, 976 F.3d 1244, 1250 (11th Cir. 2020). Under the categorical approach, we consider the statutory defini-tion of the state offense rather than the facts of the crime itself. *Id.* A state conviction "qualifies as a serious drug offense only if the state statute under which the defendant was convicted defines the offense in the same way as, or more narrowly than, the ACCA's definition of a serious drug offense." *Id.* For a state drug conviction to qualify as a serious drug offense, "the [s]tate's definition of the drug in question [must] match[] the definition under federal law." *Brown v. United States*, 602 U.S. 101, 107 (2024) (internal quotation marks omitted). The Supreme Court has held that when deciding whether the federal and state definitions match, a court must look at the definitions that applied at the time the defendant committed the underlying state crime. *Id.* at 108–09, 111.

In his unopposed motion for summary reversal, Cherry ar-gues that the district court erred in applying the ACCA enhance-ment. According to Cherry, his Florida convictions for selling or delivering cocaine do not qualify as serious drug offenses because when he committed the offenses there was a mismatch in how fed-eral law and Florida law defined cocaine. We review this issue for plain error because Cherry failed to raise it in the district court. *See Johnson*, 694 F.3d at 1195. Applying a plain error standard, we

conclude that summary reversal is appropriate because there is no substantial question as to the outcome of the appeal.

The district court erred in treating Cherry's Florida convictions for selling or delivering cocaine, which arose out of offenses that occurred in April and May 2017, as serious drug offenses. The Supreme Court previously explained that the federal definition of cocaine encompassed ioflupane[4] only until 2015 while the Florida definition of cocaine continued to cover ioflupane until July 2017. *See Brown*, 602 U.S. at 107–09. Because Florida's definition of cocaine was broader than the definition under federal law when Cherry committed the offenses, they do not qualify as serious drug offenses for purposes of the ACCA. *See id.* at 118.

And the district court's error was plain. As we have previously explained, "an intervening decision by this Court or the Supreme Court squarely on point may make an error plain." *United States v. Jones*, 743 F.3d 826, 829–30 (11th Cir. 2014) (internal quotation marks omitted). The Supreme Court's recent decision in *Brown* made plain that the district court erred in treating Cherry's Florida cocaine convictions as serious drug offenses.

This error affected Cherry's substantial rights because "there is a 'reasonable probability' that he would have received a lighter sentence but for the error." *Id.* at 830. Our conclusion that Cherry's

---

[4] Ioflupane is a "radioactive cocaine derivative . . . that is the active pharmaceutical ingredient in a drug used to diagnose patients who are suspected to have Parkinson's disease." *Brown*, 602 U.S. at 108.

22-13968               Opinion of the Court                    7

Florida cocaine convictions do not qualify as serious drug offenses means that no ACCA enhancement applied. *See* 18 U.S.C. § 924(e)(1). And without the enhancement, Cherry's maximum sentence would be 10 years' imprisonment, which is substantially shorter than the 275-month sentence that he is currently serving. *See Jones*, 743 F.3d at 830 (concluding that the erroneous application of an ACCA enhancement affected the defendant's substantial rights when "the district court will be statutorily compelled to give [the defendant] a shorter sentence on remand"). And because he was "given a . . . sentence that exceeds the statutory maximum that should have been applied," we conclude that the error also "seriously affected the fairness, integrity, or public reputation of the judicial proceedings in this case." *Id.* (internal quotation marks omitted).

Because there is no substantial question that the district court plainly erred in applying the ACCA enhancement, we grant Cherry's unopposed motion for summary reversal, vacate his sentence, and remand for resentencing.

**VACATED AND REMANDED.**