**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10843

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

FREDERICK MURRAY, JR.,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:20-cr-00212-CLM-SGC-1

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Frederick Murray, Jr., appeals his conviction and 180-month sentence for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He contends that we should vacate his

conviction because section 922(g)(1) is unconstitutional as applied to him. Murray contends that we should vacate his sentence because the district court judge violated his constitutional rights under *Erlinger v. United States*, 602 U.S. 821 (2024), by determining that he committed three felonies on different occasions to enhance his sentence under the Armed Career Criminal Act. After careful review, we **AFFIRM** the district court.

## I.

Frederick Murray, Jr., pointed a pistol at his girlfriend and threatened to kill her. A witness called the police, and law enforcement found Murray beside three guns. He had been convicted of multiple felonies and was indicted for possessing a firearm as a felon. He pleaded guilty.

Murray's presentence investigation report recommended a sentence enhancement under the Armed Career Criminal Act. Without the ACCA enhancement, Murray's maximum sentence would have been ten years. 18 U.S.C.A. § 924(a)(2) (2021). With the enhancement, Murray's mandatory minimum sentence was fifteen years. 18 U.S.C. § 924(e)(1). The ACCA imposes that mandatory minimum on anyone who violates section 922(g) after three convictions for violent felonies or serious drug offenses committed on different occasions. *Id.*

Murray committed his first qualifying felony, a robbery, around May 11, 2007. He then committed a qualifying marijuana offense around July 17, 2014. And he later assaulted someone with

a firearm around September 7, 2014. Murray was convicted of each offense.

Murray filed objections to his PSI but did not object that no jury had determined that his ACCA predicate offenses occurred on different occasions. At sentencing, the district court judge overruled his objections, determined that Murray committed three ACCA predicate felonies on different occasions, and sentenced him to 180 months in prison—the mandatory minimum sentence under the ACCA. 18 U.S.C. § 924(e)(1). Murray appealed his sentence and conviction.

While Murray's appeal was pending, the Supreme Court decided *Erlinger v. United States*, 602 U.S. at 821. That case established that a jury must determine whether a defendant's prior felonies occurred on different occasions for an ACCA sentencing enhancement unless the defendant admitted that fact in a guilty plea. *Id.* at 834.

## II.

We normally review *de novo* the constitutionality of a statute, but we review unpreserved claims about the constitutionality of a statute for plain error. *See United States v. Johnson*, 981 F.3d 1171, 1191 (11th Cir. 2020) (citing *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010)). We also review unpreserved *Erlinger* errors for plain error. *See United States v. Edwards*, 142 F.4th 1270, 1279 (11th Cir. 2025) (citing first *United States v. Jones*, 743 F.3d 826, 828 (11th Cir. 2014); and then Fed. R. Crim. P. 52(b)).

To review for plain error, we consider "the whole record." *See United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019) (citing first *United States v. Vonn*, 535 U.S. 55, 59 (2002); and then *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). We find plain error when (1) an error occurred, (2) that was plain, and (3) affected a defendant's substantial rights. *See United States v. Buchanan*, 146 F.4th 1342, 1354 (11th Cir. 2025) (citing *United States v. Malone*, 51 F.4th 1311, 1319 (11th Cir. 2022)). We may correct that plain error if it seriously affected the fairness of the judicial proceedings. *See id.* (citing *Malone*, 51 F.4th at 1319).

## III.

We will start with Murray's argument that his conviction should be vacated because 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him because it violates his Second Amendment right to bear arms under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024). Murray did not make this argument to the district court, so we review it for plain error. *See Johnson*, 981 F.3d at 1191 (citing *Wright*, 607 F.3d at 715). An error is plain if "the explicit language of a statute or rule or precedent from the Supreme Court or this Court directly resolves the issue" and establishes that an error occurred. *See United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024) (quoting *United States v. Innocent*, 977 F.3d 1077, 1081 (11th Cir. 2020)). Neither *Bruen* nor *Rahimi* directly declares section 922(g)(1) unconstitutional as applied to felons. *See United States v. Dubois*, 139 F.4th 887, 892–94 (explaining that neither *Bruen* nor *Rahimi* directly states that

section 922(g)(1) cannot constitutionally be applied to felons). And our precedent establishes that section 922(g)(1) does not violate the Constitution by disqualifying felons as a class from exercising their Second Amendment rights. *See States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010); *see also Dubois*, 139 F.4th at 893–94 (explaining that *Rozier* remains binding precedent after *Bruen* and *Rahimi*). The district court's decision to apply section 922(g)(1) to Murray was consistent with, not contrary to, binding precedent, so Murray's conviction is valid.

We now turn to Murray's argument that we should vacate his sentence because a jury did not find, and he did not admit, that he committed three ACCA predicate offenses on different occasions. Murray concedes that he did not object to the district court's different-occasions determination, so we review that determination for plain error. *See Edwards*, 142 F.4th at 1279 (citing first *Jones*, 743 F.3d at 828; and then FED. R. CRIM. P. 52(b)). No party contests that the district court erred or that *Erlinger* made its error plain. Our review hinges on whether that error affected Murray's substantial rights. *See Buchanan*, 146 F.4th at 1354 (11th Cir. 2025) (citing *Malone*, 51 F.4th at 1319).

Murray bears the "heavy" burden of establishing that the error affected his substantial rights. *See Edwards*, 142 F.4th at 1281 (citing *United States v. Margarita Garcia*, 906 F.3d 1255, 1267 (11th Cir. 2018)). To meet that burden, Murray must establish a "reasonable probability" that, but for the error, a jury would have concluded that he committed at least two of his ACCA predicate

offenses on the same occasion. *See id.* at 1282. Murray does not meet that burden.

Murray focuses his arguments on two of his ACCA predicate offenses—his July 2014 possession of marijuana and his September 2014 assault. He argues that there is a reasonable probability that a jury could conclude that those offenses occurred on the same occasion. Although they "took place around a month apart," he asserts that this gap in time "isn't dispositive of [his] 'separate occasion' inquiry." Appellant's Br. at 15. We disagree.

To determine whether offenses occurred on different occasions, one must examine factors like the timing, location, and character of the offenses. *See Wooden v. United States*, 595 U.S. 360, 369 (2022). "[A] single factor—especially of time or place—can decisively differentiate occasions." *See id.* at 370. Here, the timing of Murray's offenses establishes that there is no reasonable probability that a jury would have concluded that he committed his offenses on the same occasion. "Courts . . . have nearly always treated offenses as occurring on separate occasions if a person committed them a day or more apart." *See id.* (citations omitted). Over a month separated Murray's 2014 possession of marijuana from his 2014 assault. *See United States v. Penn*, 63 F.4th 1305, 1318 (11th Cir. 2023) ("No reasonable person would say that [the defendant's] two sales of cocaine, thirty days apart, occurred on the same occasion."). Because of that timing, there is no "reasonable probability" that a jury would have concluded that Murray's possession and assault offenses occurred on the same occasion.

The different characters of Murray's two offenses strengthen our conclusion. "[S]imilar or intertwined" conduct suggests a possibility that two offenses may have been committed on the same occasion. *See Wooden*, 595 U.S. at 369. But Murray's offenses involved dissimilar conduct. His marijuana conviction arose from possessing marijuana for other than personal use, and his assault conviction arose from physically injuring another person with a firearm.

Murray also provided no evidence that a common scheme or purpose "intertwined" that conduct. *See id.* Guns and drug crimes can go together, *see United States v. Troya*, 733 F.3d 1125, 1132 (11th Cir. 2013) (citing *United States v. Hromada*, 49 F.3d 685, 689 (11th Cir. 1995)), but Murray made no argument—and the record provides no evidence—that his assault related to his drug crime. Without that evidence, his two offenses do not share the same character. That difference supports our conclusion that Murray failed to establish a "reasonable probability" that a jury would have found that he committed his offenses on the same occasion. That failure is fatal to his assertion that the district court's *Erlinger* error affected his substantial rights. *See Buchanan*, 146 F.4th at 1354 (citing *Malone*, 51 F.4th at 1319).

## IV.

The conviction and sentence are **AFFIRMED.**